IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TODD A. KING, | ) | CASE NO. 1:22-CV-01372 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| UNIT MANAGER PADILLA, | ) | **ORDER ADOPTING** |
| | ) | **MAGISTRATE JUDGE'S** |
| and | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| CORRECTIONAL COUNSELOR | ) | |
| ORTIZ, | ) | |
| | ) | (This Order Applies to Documents |
| Defendants.[1] | ) | ECF #38, ECF #45 & ECF #47) |

This matter is before the Court upon the *Report and Recommendation* of Magistrate Judge Reuben J. Sheperd (ECF #47), related to Defendants Unit Manager Padilla's and Correctional Counselor Ortiz's *Motion for Summary Judgment* (ECF #38) on the remaining Eighth Amendment claim asserted by Plaintiff Todd A. King against Defendant Unit Manager

---

[1] This case was initially filed and captioned as *Todd A. King v. Warden Fender, et al.*, on August 4, 2022, reflecting the identities of the then-named Defendants "Warden Fender," "Assistant Warden Ms. King," "Unit Manager Padilla," and "C.C. [Correctional Counselor] Ortiz." (ECF #1). Curiously, nowhere in the record (including in subsequent pleadings or in declarations attached to such pleadings) is a first name ever identified for *any* of the Defendants named in the case, initially or otherwise. Thus, only surname references are used. All of the claims asserted against Defendants Warden Fender and Assistant Warden Ms. King, and all but one of the claims asserted against Defendants Unit Manager Padilla and Correctional Counselor Ortiz, were dismissed pursuant to a previous Court *Order* dated November 18, 2022 (ECF #6). Because the recently-issued *Report and Recommendation* reflects a "revised" caption of "*Todd A. King v. Unit Manager Padilla, C.C. Ortiz*," (ECF #47), the Court applies here the revised form of the caption.

Padilla and the remaining First Amendment "retaliation" claim asserted by Plaintiff King against Defendant Correctional Counselor Ortiz.[2] The matter had been referred to Magistrate Judge Sheperd pursuant to 28 U.S.C. § 636(b)(1), with review to this Court as provided by FED. R. CIV. P. 72(b)(2) and N.D. OHIO L. CIV. R. 72.3(b).

The Magistrate Judge's *Report and Recommendation* was filed on August 23, 2024. In the *Report and Recommendation*, Magistrate Judge Sheperd recommends that summary judgment be granted on both of the pending claims. (ECF #47).

Following issuance of the *Report and Recommendation*, Plaintiff King filed an *Objection and Response Why Summary Judgment Should Not Be Granted*, (ECF #48), pursuant to FED R. CIV. P. 72(b)(2).

Plaintiff King had also earlier filed a "*Motion for Summary Judgment*" (ECF #45), which in reality is more appropriately deemed as a response in opposition to Defendants' *Motion for Summary Judgment* (ECF #38), and was treated as such in the *Report and Recommendation* and incorporated therein. (ECF #47, *Report and Recommendation*). For the purposes of this *Order*,

---

[2] For the purposes of this *Order*, Plaintiff Todd A. King is referred to as "Plaintiff King," as opposed to the single-word short-form "King" used in the *Report and Recommendation*, as anyone viewing the full record (as this Court has done pursuant to its obligations under FED. R. CIV. P. 72(b)(3) where an objection is filed to a *Report and Recommendation*) or reviewing the full record (as any later court might do in the event of an appeal) would be doing so against a background where a number of the initial allegations of the *Complaint* mention another "King" – "Defendant **Assistant Warden Ms. King**." (*See, e.g.*, ECF #1, *Complaint*, ¶ 4; ). As indicated above, *see supra* note 1, most of Plaintiff King's earlier claims were dismissed pursuant to a previous Court *Order*, specifically: Fourth and Fifth Amendment claims asserted against all named Defendants; Eighth Amendment claims asserted against Defendants Warden Fender, Assistant Warden Ms. King, and Correctional Counselor Ortiz; and First Amendment claims asserted against (or potentially attempted to be asserted against) Defendants Warden Fender, Assistant Warden Ms. King, and Unit Manager Padilla. (ECF #6, *Memorandum of Opinion and Order*, dated November 18, 2022).

the Court will address this "motion" as also before the Court.

The Court has reviewed *de novo* the Magistrate Judge's *Report and Recommendation*, and finds that Magistrate Judge Sheperd's *Report and Recommendation* (ECF #47) is well-supported and correct. The *Report and Recommendation* is hereby ADOPTED in its entirety, and Defendants' *Motion for Summary Judgment* (ECF #38) is GRANTED.

To the extent that Plaintiff King's "*Motion for Summary Judgment*" appears on the Docket as a motion to be ruled upon by the Court, such "motion" is DENIED.

## STANDARD OF REVIEW

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to the report and recommendation. When objections are made to the magistrate judge's report and recommendation, as was done here, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b)(3). When no timely objection is filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 Advisory Committee Notes (citations omitted). *See also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.") (on *certiorari* from the Sixth Circuit).

## CONCLUSION

The Court has carefully reviewed the *Report and Recommendation* (ECF #47), and agrees with the findings set forth therein. Accordingly, the *Report and Recommendation* of Magistrate Judge Sheperd (ECF #47) is ADOPTED in its entirety.

Accordingly, Defendants Unit Manager Padilla's and Correctional Counselor Ortiz's *Motion for Summary Judgment* (ECF #38) is GRANTED.

Plaintiff Todd A. King's "*Motion for Summary Judgment*" (ECF #45), placed on the Docket as a "motion" to be ruled upon by the Court, which makes no legal arguments but rather refers to what Plaintiff King believes is shown on a videotape of the events at issue, is more appropriately postured as Plaintiff's "*Response in Opposition to Defendants' Padilla's and Ortiz's Motion for Summary Judgment*" (and which was treated as such in the Magistrate Judge's *Report and Recommendation*) – is DENIED insofar as such pleading was docketed on the record as a "motion for summary judgment" to be ruled upon by this Court.

Accordingly, with Plaintiff King's prior Fourth and Fifth Amendment claims against all named Defendants having been dismissed by a previous Court order (ECF #6) pursuant to 28 U.S.C. § 1915(e), with Plaintiff King's prior Eighth Amendment claims against Defendants Warden Fender, Assistant Warden Ms. King, and Correctional Counselor Ortiz having been dismissed by that same order (ECF #6), with Plaintiff King's unasserted (but evaluated to the extent that his hand-written *pro se* complaint may have sought to assert such) First Amendment "retaliation" claims against Defendants Warden Fender, Assistant Warden Ms. King, and Unit Manager Padilla having been dismissed in that same order (ECF #6) – ***and the remaining First Amendment "retaliation" claim asserted against Defendant Correctional Counselor Ortiz and the remaining Eighth Amendment claim asserted against Defendant Unit Manager Padilla***

//

//

*now being dismissed on summary judgment by this Order* – there are no remaining claims still at issue in the case, and the case is dismissed in its entirety.

    IT IS SO ORDERED.

                                              /s/ Donald C. Nugent
                                              DONALD C. NUGENT
                                              United States District Judge

DATED: September 25, 2024